UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARDEN BAY FISHERIES, LLC,

    Defendant.

_____/

No. 2:22-cr-14

Honorable Paul L. Maloney

## PLEA AGREEMENT
## GARDEN BAY FISHERIES, LLC

This constitutes a plea agreement between Garden Bay Fisheries, LLC ("Defendant"), and both the United States Attorney's Office for the Western District of Michigan and the Environmental Crimes Section, Environment and Natural Resources Division, United States Department of Justice (collectively "the Government"). The terms of the agreement are as follows:

1.     <u>Agent's Authority</u>.  Defendant agrees that it has executed all necessary resolutions to authorize James P. Hermes and Michael J. Hermes to act on its behalf and bind the company to the terms and conditions made within this plea agreement.

2.     <u>Defendant Agrees to Plead Guilty</u>.  Defendant waives the right to Indictment by a grand jury, and agrees to plead guilty to a felony set forth in Count One of a three-count Information in the above-captioned matter. Count One alleges

that between about March 17, 2017, and about September 23, 2017, Defendant, as the corporate successor of Big Bay De Noc Fisheries, Inc. ("BBDN Fisheries"), through its employees and agents who were acting on behalf of the company and within the scope of their employment, knowingly made and submitted a false record with respect to fish with a market value in excess of $350.00, that were purchased by Defendant and transported in interstate commerce, all in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii).

3. <u>Defendant Understands the Crimes</u>. In order for Defendant to be guilty of violating Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), as charged in the Information, the following must be true:

    A. First: Defendant knowingly made a false record with respect to fish;

    B. Second: The fish were transported in interstate commerce; and

    C. Third: The offense (the making of a false record with respect to fish transported in interstate commerce) involved the purchase or sale of fish that had a market value greater than $350.00.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

4. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for each felony violation of Title 16, United

States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), a Class D felony, is the following:

    A.    Not more than five years of probation;

    B.    A fine of not more than $500,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and

    C.    A mandatory special assessment of $400.00.

Defendant agrees to pay the special assessment at or before the time of sentencing.

    5.    <u>Consent to Proceed Before a United States Magistrate Judge.</u> Defendant hereby acknowledges the following: that it understands the federal charge against it and the possible penalties; that it desires to enter a plea of guilty pursuant to this plea agreement; that it has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of its attorney and the Government. Understanding these rights, Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up its right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

3

6. <u>Financial Accountability and Asset Forfeiture.</u> Defendant agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing Defendant's assets.

7. <u>Suspension/Revocation of Professional License.</u> Defendant understands that if the company holds a professional license, the conviction in this case may result in the suspension or revocation of that license. The Government agrees to make known to any licensing authority Defendant's acceptance of responsibility and cooperation in this case.

8. <u>Factual Basis of Guilt.</u> Defendant and the Government agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

BBDN Fisheries was a Michigan corporation, located in Garden Bay, Michigan. The company was a state-licensed wholesale fish dealer, engaged in the wholesale purchase and sale of fish. The company was first incorporated in August 1986, and dissolved on March 13, 2020. At all times material, the company was jointly owned and operated by brothers James P. Hermes and Michael J. Hermes.

Defendant is a Michigan limited liability company in Garden Bay, Michigan, located at the same facility formerly used by BBDN Fisheries. The company operates as a state-licensed wholesale fish dealer, and is engaged in the wholesale

4

purchase and sale of fish. Defendant was incorporated on April 5, 2019, and is the corporate successor and mere continuation of BBDN Fisheries. At all times material, Defendant was jointly owned and operated by brothers James P. Hermes and Michael J. Hermes.

As a state-licensed wholesale business, BBDN Fisheries, through its employees and agents, knew that under Michigan state law it was not allowed to purchase or possess illegally harvested fish.

During the ordinary course of business, BBDN Fisheries regularly purchased lake trout harvested from Lake Michigan by two commercial fishers who are identified as Fishers #1 and #2. Both fishers were enrolled members of the Sault Ste. Marie Tribe of Chippewa Indians, and were licensed by their Tribe to commercially harvest fish. At all times material, tribal regulations provided that as to fishing certain waters of Lake Michigan (known as Lake Trout Management Units MM-1,2,3), tribal fishers could not possess more than 600 pounds of lake trout each day.

BBDN Fisheries knew that at least some of the lake trout it purchased from Fishers #1 and #2 had been illegally harvested from Lake Michigan and retained in excess of the 600 pound daily possession limit.

    i. As a commercial wholesaler, BBDN Fisheries, through its employees and agents, knew there were harvest limits imposed on tribal fishers

5

      from whom the company purchased fish.

ii. Sometime in 2017, BBDN Fisheries co-owner James P. Hermes was asked by Fisher #1 to document the purchase of lake trout harvested in excess of the daily possession limit in a manner which concealed illegal overages. Specifically, on occasions when Fisher #1 was selling fish to BBDN Fisheries in excess of the daily possession limit, Fisher #1 requested that BBDN Fisheries personnel document the purchase of the fish in a manner that falsely suggested the fish had been purchased over the course of several days, with each day's purchase never totaling more than the daily 600 pound possession limit.

iii. BBDN Fisheries accommodated this request. On days where the vessel offloaded more than 600 pounds of lake trout, employees of the company created false purchase invoices that were provided to Fishers #1 and #2, and false wholesale reports that were submitted to the State. These documents falsely reported that lake trout purchased on a single day purportedly had been purchased over the course of several days, with each daily purchase never exceeding 600 pounds.

Consistent with this arrangement, on 24 separate occasions between March 17, 2017, and September 23, 2017, Fishers #1 and #2 sold to BBDN Fisheries lake

6

trout with a market value in excess of $350.00, which had been harvested from Lake Michigan in excess of the possession limit. Through these transactions, BBDN Fisheries purchased a total of 17,023 pounds of illegally harvested lake trout. This trout, which was purchased wholesale and had a fair-market retail value of approximately $84,263, was possessed by BBDN Fisheries at its facility, and then subsequently sold and transported to customers in interstate commerce.

9. <u>Applicability of Sentencing Guidelines</u>. Defendant understands that although they are not mandatory, the Court must consult the United States Sentencing Guidelines ("Sentencing Guidelines"), and take them into account when sentencing Defendant. Defendant understands and acknowledges that: (a) the Sentencing Guidelines, including Chapter Eight which provides guidance for sentencing corporate defendants, may be considered by the Court; and (b) pursuant to U.S.S.G. Sections 8C2.1 and 8C2.10, the Sentencing Guidelines that pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, which instead are determined under Title 18, United States Code, Sections 3553 and 3571(c). All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation.

10. <u>Sentencing Recommendations</u>.

    A. The parties jointly recommend that Defendant be sentenced to a

term of probation. The parties reserve the right to separately recommend the length and conditions of probation.

        B.      The parties jointly recommend Defendant pay a fine of $8,500.00, which approximately reflects the profit earned by BBDN Fisheries on the illegal lake trout it purchased and subsequently resold. This fine – a single amount for all three defendants - shall be jointly and severally owed by Defendant, James P. Hermes, and Michael J. Hermes, and shall be due and payable in full at sentencing of the last defendant to be sentenced.

    11.    Restitution.

        A.      Defendant and the Government agree that the full restitution value associated with Defendant's conduct is $421,578. This restitution amount is based on the following relevant factors: (1) BBDN Fisheries illegally sold 17,023 pounds of lake trout; (2) these lake trout were illegally harvested from Lake Michigan waters regulated as Lake Trout Management Units MM-1,2,3; and (3) the restitution amount reflects the cost to hatcheries to produce and release the requisite number of hatchlings required to produce those illegally harvested fish.

        B.      Defendant and the Government jointly recommend that the Defendant pay restitution in the amount of $180,000. This amount shall be owed jointly and severally by Defendant, James P. Hermes, and Michael J. Hermes.

            i.      Defendant and the Government agree that this

percentage of the total restitution value reasonably reflects the degree of culpability and conduct by Defendant and its owners.

    ii.     Payment shall be made in the following manner.

        a. Defendant Michael Hermes shall pay $90,000, which shall be paid at sentencing.

        b. Defendant James Hermes shall pay $90,000. As to this amount, $45,000 shall be paid at sentencing, and the remaining $45,000 plus interest shall be paid within two years of sentencing.

        c. Defendants collectively shall be jointly and severally responsible for any outstanding balance, should any Defendant fail to make payment consistent with this payment schedule.

    iii.    Defendant and the Government stipulate that the United States Fish and Wildlife Service National Fish Hatchery System (which stocks Lake Michigan with lake trout) is a victim for the purpose of awarding restitution. Should restitution be ordered, payment shall be by check payable to the United States Fish and Wildlife Service (with "Fishing for Funds, FFR453500" in the memo line).

12. <u>The Government Agrees</u>

    A. Non-Prosecution Agreement. The Government agrees not to bring additional criminal charges against Defendant arising out of Defendant's involvement in the purchase or sale of illegal fish as set forth in Paragraph 8, or additional criminal charges against Defendant arising out of Defendant's involvement in any other purchase or sale of illegal fish that is disclosed to the Government by Defendant or its attorney prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. Section 371).

    B. Communications on Behalf of Defendant. The Government agrees to make known to other government officials and entities, upon Defendant's request, its acceptance of responsibility pursuant to this agreement and any cooperation or assistance provided by Defendant.

13. <u>Waiver of Constitutional Rights.</u> By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

10

      A.     The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

      B.     The right to confront and cross-examine witnesses against Defendant.

      C.     The right, if Defendant wished, to present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      D.     By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14.    <u>Waiver of Other Rights.</u>

      A.     Waiver. In exchange for the promises made by the Government in entering this plea agreement, the Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

      B.     Exceptions. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

      i.      Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

      ii.      Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

      iii.      the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

      iv.      Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

      v.      the guilty plea was involuntary or unknowing;

      vi.      an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

15. **FOIA Requests.** Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

16. **Hyde Waiver.** Defendant acknowledges, by its voluntary admission of

12

guilt, that the position of the Government in this case is not vexatious, frivolous, or in bad faith, and it hereby disclaims and waives any right to make any claim for attorney fees.

17. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw its guilty plea, and it will remain bound to fulfill all its obligations under this agreement. Defendant understands that no one - not the prosecutor, Defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

18. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the United States Attorney's Office for the Western District of Michigan, and the Environmental Crimes Section, Environment and Natural Resources Division, United States Department of Justice, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the Government shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the Government elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the Government shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up its right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

20. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARK A. TOTTEN
United States Attorney
Western District of Michigan

10/11/22
Date

*[signature]*

PAUL LOCHNER
Assistant United States Attorney

TODD KIM
Assistant Attorney General
Environment and Natural Resources
Division

OCTOBER 11, 2022
Date

*[signature]*

JOEL LA BISSONNIERE
Trial Attorney
Environmental Crimes Section
Environment and Natural Resources
Division
U.S. Department of Justice

15

The corporate representatives each make the following representations to the Court:

    1.    I am over the age of twenty-one. I graduated from high school, and can read and understand English.

    2.    This plea agreement contains all terms of the agreement between Defendant and the Government; if there are exceptions, the Court will be specifically advised, on the record at the time of Defendant's guilty plea of the additional terms. I understand the Government and Defendant cannot have terms of this plea agreement that are not disclosed to the Court.

    3.    No one has made threats, promises, or representations to me that have caused Defendant to plead guilty, other than the provisions set forth in this agreement.

    4.    I have discussed this case and this plea with Defendant's lawyer as much as I wish and have no additional questions.

    5.    Defendant and I are fully satisfied with Defendant's in-house counsel and outside lawyers, who have counseled Defendant in this matter.

    6.    Defendant's decision to enter this plea agreement was made after full and careful thought; with the advice of counsel, and with a full understanding of its rights, the facts and circumstances of the case and the consequences of the plea.

    7.    I am not under the influence of any drugs, medication, or intoxicants.

    8.    I have no mental reservations concerning Defendant's guilty plea.

    9.    I understand and agree to all of the above.

From:Burkhart Lewandowski Miller PC    906 786 5128         09/28/2022 13:48      #029 P.018/060

10. I am authorized to serve as corporate representative for Defendant Garden Bay Fisheries, LLC, for all purposes relating to this plea agreement, including but not limited to, executing the plea agreement, appearing before the United States District Court for the Western District of Michigan, Northern Division, on behalf of the Defendant company, and entering on behalf of Defendant company a guilty plea to Count One of the Information.

9/24/22
Date

JAMES P. HERMES
Company Representative

9/29/22
Date

MICHAEL J. HERMES
Company Representative

I am the attorney for Defendant Garden Bay Fisheries, LLC. I have carefully discussed every part of this agreement with Defendant's representatives. Further, I have fully advised my client of its rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10-11-22
Date

TERRY BURKHART, ESQ.
Attorney for Defendant

17